IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

ELBERT GLEAVES )
 )
   v. ) NO. 3:13-0052
 )
THOMAS WRIGHT, et al. )

TO: Honorable Aleta A. Trauger, District Judge

# REPORT AND RECOMENDATION

By Order entered January 25, 2013 (Docket Entry No. 3), this action was referred to the Magistrate Judge to enter a scheduling order for the management of the case, to dispose or recommend disposition of any pretrial motions under 28 U.S.C. §§ 636(b)(1)(A) and (B), and to conduct further proceedings, if necessary, under Rule 72(b) of the Federal Rules of Civil Procedure and the Local Rules of Court.

Presently pending before the Court is the motion to dismiss or for summary judgment (Docket Entry No. 12) filed by Defendants Thomas Wright and John Stewart, to which the Plaintiff has filed a response in opposition. See Docket Entry No. 18. Set out below is the Court's recommendation for disposition of the motion.

## I. BACKGROUND

The Plaintiff is an inmate of the Tennessee Department of Correction ("TDOC") currently confined at the Northwest Correctional Complex. He filed this action pro se and in forma pauperis

on January 22, 2013,[1] under 42 U.S.C. § 1983 based on events that occurred during his prior confinement at the Davidson County Criminal Justice Center ("CJC") as an inmate of the Davidson County Sheriff's Office ("DCSO"). The Plaintiff alleges that, on December 26, 2012, Cpl. John Stewart, who he alleges was under the command of Sgt. Thomas Wright, opened the door of his cell, sprayed him with mace, assaulted him, and made him return to the "toxic" cell. See Complaint (Docket Entry No. 1), at 3. He alleges that Stewart had turned the camera in the housing unit around so that the assault would not be filmed but that other inmates witnessed the assault. Id. The Plaintiff asserts that he was a juvenile inmate at the time and that this was a "racial attack" because he is black and Stewart is white. Id. The Plaintiff asserts that he was the victim of cruel and unusual punishment, brutality, assault, racism, and neglect and seeks damages, as well as the "firings and investigations" and "prosecutions" of officials. Id. at 3-4. By the Order of referral, the Court dismissed the Plaintiff's claims against Davidson County Sheriff Daron Hall, Lt. Williams, and Cpl. Allen because the Complaint did not contain factual allegations that these defendants had any personal involvement in the alleged attack. See Docket Entry No. 3, at 2-3.

In lieu of answers, Defendants Stewart and Wright have filed the pending dispositive motion. The Defendants contend that dismissal of the Plaintiff's action is required because he did not pursue an administrative appeal from the denial of the grievance that he filed at the CJC and thus did not exhaust his administrative remedies as required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a). In support of their motion, the Defendants submit the affidavit (Docket Entry

---

[1] Although the Complaint was received by the Court on January 22, 2013, it was signed by the Plaintiff on December 26, 2012. See Complaint (Docket Entry No. 1), at 4.

2

No. 14) of Jenny McMillen, the Legal Coordinator for the Davidson County Sheriff's Office, and copies of grievance documents from the CJC. See Docket Entry Nos. 12-1, 14-1, and 14-2.

The Plaintiff filed an unsworn letter, dated June 4, 2013, responding to the Defendants' motion and notifying the Court that he had been transferred to the Northwest Correctional Complex. See Docket Entry No. 18. He contends that his rights were violated and that he deserves to be compensated. He asserts that his allegations should have been investigated by internal affairs or an outside agency but that his requests to speak to internal affairs were ignored and that his grievance was denied because it was reviewed by Sgt. Wright, one of the officers alleged to have been involved. The Plaintiff also argues that he was not taken seriously and was treated unfairly because he was a juvenile and because he is black. He finally complains about restrictions that were imposed on his recreation privileges while housed in the Special Management Unit at the CJC.

## II. STANDARD OF REVIEW

A motion for summary judgment[2] is reviewed under the standard that summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Rule 56(a) of the Federal Rules of Civil Procedure. See also Celotex Corp. v. Catrett, 477 U.S. 317, 322-23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). A "genuine issue of material fact" is a fact which, if proven at trial, could lead a reasonable jury to return a verdict for the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242,

---

[2] Although the Defendants' motion was filed as a motion to dismiss or for summary judgment, by the Order entered May 2, 2013 (Docket Entry No. 15), the Court notified the parties that the Court intended to treat the motion as a motion for summary judgment in accordance with Rule 12(d) of the Federal Rules of Civil Procedure.

248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). In considering whether summary judgment is appropriate, the Court must "look beyond the pleadings and assess the proof to determine whether there is a genuine need for trial." Sowards v. Loudon Cnty., 203 F.3d 426, 431 (6th Cir.), cert. denied, 531 U.S. 875, 121 S.Ct. 179, 148 L.Ed.2d 123 (2000). In reviewing a motion for summary judgment, the Court must view the evidence and all inferences drawn from underlying facts "in the light most favorable to the party opposing the motion." See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., Ltd., 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); Gribcheck v. Runyon, 245 F.3d 547, 550 (6th Cir.), cert. denied, 534 U.S. 896, 122 S.Ct. 217, 151 L.Ed.2d 155 (2001).

The moving party has the burden of showing the absence of genuine factual disputes from which a reasonable jury could return a verdict for the non-moving party. Anderson, at 249-50. However, "[t]he moving party need not support its motion with evidence disproving the non-moving party's claim, but need only show that 'there is an absence of evidence to support the non-moving party's case.'" Hayes v. Equitable Energy Res. Co., 266 F.3d 560, 566 (6th Cir. 2001) (quoting Celotex Corp., 477 U.S. at 325).

"Once the moving party has presented evidence sufficient to support a motion for summary judgment, the nonmoving party is not entitled to trial merely on the basis of allegations; significant probative evidence must be presented to support the complaint." Goins v. Clorox Co., 926 F.2d 559, 561 (6th Cir. 1991). The party opposing the motion for summary judgment may not rely solely on the pleadings but must present evidence supporting the claims asserted by the party. Banks v. Wolfe Cnty. Bd. of Educ., 330 F.3d 888, 892 (6th Cir. 2003). Moreover, conclusory allegations, speculation, and unsubstantiated assertions are not evidence, and are not sufficient to defeat a well-supported motion for summary judgment. See Lujan v. National Wildlife Fed'n, 497 U.S. 871,

4

888, 110 S.Ct. 3177, 111 L.Ed.2d 695 (1990). In other words, to defeat summary judgment, the party opposing the motion must present affirmative evidence to support his or her position; a mere "scintilla of evidence" is insufficient. Bell v. Ohio State Univ., 351 F.3d 240, 247 (6th Cir. 2003) (quoting Anderson, 477 U.S. at 252).

### III. ANALYSIS

The Court finds that summary judgment should be granted to the Defendants because the Plaintiff's claim has not been properly exhausted. The PLRA states that:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). This statute requires a prisoner plaintiff to exhaust all available administrative remedies before filing a lawsuit under 42 U.S.C. § 1983 in the district court. Porter v. Nussle, 534 U.S. 516, 528, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002); Booth v. Churner, 532 U.S. 731, 733, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001); Brown v. Toombs, 139 F.3d 1102, 1103-04 (6th Cir. 1998). Although exhaustion is mandatory under the PLRA, the failure of a prisoner plaintiff to satisfy the exhaustion requirement is an affirmative defense that a defendant must plead. Jones v. Bock, 549 U.S. 199, 211-17, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007). Once the affirmative defense of failure to exhaust is raised, a prisoner plaintiff must set forth evidence to show that he has complied with the requirements of exhaustion. See Napier v. Laurel Cnty., Ky., 636 F.3d 218 (6th Cir. 2011). To establish that he has exhausted his administrative remedies, the Plaintiff must show that he presented his grievance(s) "through one complete round" of the established grievance process. Thomas v.

Woolum, 337 F.3d 720, 733 (6th Cir. 2003), abrogated on other grounds, Woodford v. Ngo, 548 U.S. 81, 126 S.Ct. 2378, 165 L.Ed.2d 368 (2006).

Davidson County Sheriff's Office Policy No. 1-3.540 sets out a grievance system available to inmates within the custody of the DCSO and provides that an inmate who is not satisfied with the decision on his grievance may file an appeal. See Docket Entry No. 12-1. It is undisputed that the Plaintiff filed an administrative grievance on December 26, 2012, about the incident in question and that his grievance was responded to on January 5, 2013, and found to be unsustained. See Affidavit of McMillen (Docket Entry No. 14), at 1-2; Docket Entry No. 14-1 and 14-2. It is also undisputed that the Plaintiff did not appeal the grievance. See Docket Entry No. 14, at 2. The Defendants' evidence also indicates that the Plaintiff was familiar with use of the grievance policy at the CJC. Prior to the incident on December 26, 2012, he had used the grievance procedure nine times, including filing two appeals from unsustained grievances. See Docket Entry No. 14-3, at 2-3.

The Plaintiff has not set forth any basis excusing his failure to file an administrative appeal of his unsustained grievance and thus complete the grievance process available to him at the CJC. Initially, the Court notes that the Plaintiff's own statements about his grievance are unhelpful to him. In his Complaint, although he marked that he did not present the facts of his complaint in the prisoner grievance procedure, he stated that "they denied me the response to grievance." See Docket Entry No. 1, at 2. In his letter responding to the motion for summary judgment, he states that he was "refused the right to grievances" but complains that his grievances were unsustained or dismissed because Defendant Wright, not internal affairs or an outside agency, handled the grievances. See Docket Entry No. 18. It is the Plaintiff's burden to rebut the Defendants' assertion that he failed to

6

exhaust. See Napier, supra. His contradictory and unclear statements fail to satisfy this burden, especially in light of the Defendants' evidence of the grievance filings made by the Plaintiff.

The Plaintiff appears to argue that the grievance procedure was flawed because Sgt. Wright responded to the grievance instead of the grievance being investigated by internal affairs or an outside agency. However, the Plaintiff's subjective belief of unfairness does not relieve him from the burden of pursuing the entire round of administrative relief. It is well-settled that there is no futility exception to the exhaustion requirement. Booth, 532 U.S. at 741 n.6; Napier, 636 F.3d at 222; Boyd v. Corrections Corp. of Am., 380 F.3d 989, 998 (6th Cir. 2004); Hartsfield v. Vidor, 199 F.3d 305, 309 (6th Cir. 1999). Further, when an established grievance procedure is available to an inmate, an internal affairs investigation is not a substitute for a grievance process and does not serve to excuse the inmate's failure to exhaust his available administrative remedies. See Pavey v. Conley, 663 F.3d 899, 905-06 (7th Cir. 2011); Panaro v. City of N. Las Vegas, 432 F.3d 949, 953 (9th Cir. 2005); Thomas, 337 F.3d at 734. Finally, the fact that the Plaintiff was a juvenile inmate at the time does not relieve him from the exhaustion requirement. See Brock v. Kenton Cnty., 93 Fed.Appx. 793 (6th Cir. March 23, 2004) (PLRA's exhaustion requirement applied to juvenile inmate). The Plaintiff has not raised any arguments in his response that can even liberally be construed as excusing his failure to exhaust.

## RECOMMENDATION

Based on the foregoing, the Court respectfully RECOMMENDS that the motion for summary judgment (Docket Entry No. 12) filed by Defendants Thomas Wright and John Stewart be

GRANTED and this action be DISMISSED WITHOUT PREJUDICE for failure to comply with the exhaustion requirement of the Prison Litigation Reform Act.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of the Report and Recommendation upon the party and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

JULIET GRIFFIN
United States Magistrate Judge